Carpenter *v.* Smith.

---

REBECCA CARPENTER, executrix,

*v.*

REBECCA S. SMITH and others.

A sale of lands under foreclosure to the mortgagee was set aside, and the mortgagor let in to answer, where it appeared that the mortgagor was a very old and infirm woman, depending on her daughter to attend to her affairs, and that the daughter had used diligence, both in employing counsel at the commencement of the suit, and after it was ascertained that her solicitor had neglected to defend the action, which she learned only after the property had been advertised for sale, the surprise being proved, and the question of merits appearing to be an open one.

Bill to foreclose. On petition to set aside sheriff's sale under *fi. fa.* for sale of the mortgaged premises, and for leave to defend.

*Mr. J. K. R. Hewitt,* for the petitioner.

*Mr. J. H. Carpenter,* for complainant.

Carpenter *v.* Smith.

THE CHANCELLOR.

The defendant, Rebecca S. Smith, the mortgagor, asks that the sheriff's sale of the mortgaged premises under the *fieri facias*, may be set aside, and that she may be permitted to answer. Surprise and merits are the grounds of the application. The former is very clearly established. The proof shows that, three days before the return of the subpoena to answer, her daughter, who attended to all her business matters for her, went to Trenton and consulted counsel in regard to the defence of the suit by her. He gave to her daughter a written memorandum of information which he wanted, but afterwards told her to do nothing about the matter until she heard from him. She did not hear from him, and was surprised to learn, as she did from a neighbor, that the property was advertised for sale. She then obtained other counsel, who procured an adjournment of the sale, and undertook to apply, in her behalf, for leave to defend. Before he had prepared the requisite papers, the day to which the sale had been adjourned arrived. He sent the daughter to the place at which the sale was to be made, to request a further adjournment. She went accordingly, but her application was unsuccessful, and the sale took place. Under the circumstances, I do not think that the mortgagor should be regarded as barred in this application by laches. She appears to be an aged person, incapable of attending to business for herself, and her daughter seems to have used all the diligence in the matter which could have been reasonably expected of her. Though the question of merits presents some difficulties, yet there is enough shown to induce the belief that justice will be best done by giving the mortgagor an opportunity of defence.

The sale will, therefore, be set aside (the complainant was the purchaser), and the proceedings opened, and the mortgagor let in to answer.